UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WENDY TYZBIR,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 3:17-cv-00494-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.　SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 21) ("R&R" or "Recommendation") regarding Plaintiff Wendy Tyzbir's Motion for Reversal and/or Remand ("Motion to Remand") (ECF Nos. 15,16) and Defendant Acting Commissioner's cross-motion to affirm and response thereto ("Cross-Motion") (ECF Nos. 19, 20). Judge Cobb recommends granting the Motion to Remand and denying the Cross-Motion. (ECF No. 21.) Defendant filed a timely objection to the R&R (ECF No. 22) and Plaintiff responded (ECF No. 23). In addition to the noted filings, the Court has reviewed the administrative record[1] Defendant filed (ECF Nos. 14, 14-3 through 14-21).

///

///

---

[1] Defendant filed both a physical (ECF No. 11) and electronic copy (ECF No. 14) of the administrative record. For ease of reference, the Court hereinafter cites to the administrative record as AR.

For the reasons stated below, the Court accepts the R&R and remands for further proceedings consistent with this Order.

## II. RELEVANT BACKGROUND

Plaintiff completed an application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"). (AR 21, 185–196.) The application was denied initially and on reconsideration. (AR 133–136, 139, 141–46.)

Plaintiff sought and was afforded a hearing wherein she appeared with counsel and testified before an administrative law judge ("ALJ"). (AR 38-66.) The ALJ issued a decision, finding Plaintiff is not disabled under applicable provisions. (AR 17–31.) Plaintiff then requested review of the ALJ's decision before the Appeals Council ("AC"). (AR 1–5.) The AC denied the request. (*Id.*) Plaintiff commenced the instant action for judicial review pursuant to 42 U.S.C. § 405(g).

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523

(citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing the evidence and making findings, the ALJ must also apply the proper legal standards. *Id.* (citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The Court has undertaken *de novo* review in this matter in determining whether to adopt Judge Cobb's R&R. Upon reviewing the R&R, the administrative record, and underlying briefs, the Court finds good cause to accept and adopt the R&R. The Court remands the matter to the ALJ for further proceedings and findings consistent with this Order.

## IV. DISCUSSION

### A. Analytical Framework

Generally, an individual seeking benefits (claimant) under the Act must be medically determined to be physically and/or mentally impaired to an extent that renders her incapable of engaging "in any substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A)(B). The Social Security Administration has established a five step sequential evaluative process for determining whether a person is disabled. 20 CFR § 404.1520(a) and 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1897).

At step one, the decisionmaker considers whether the claimant currently engages in "substantial gainful activity." 20 CFR § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the decisionmaker proceeds to step two. 20 CFR § 404.1520(a)(4), (b); *Yuckert*, 482 U.S. at 140.

Step two requires that the decisionmaker considers whether the individual has a medically determinable impairment or combination of impairments that is "severe." 20 CFR § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 140–41. Impairment is severe if it significantly limits an individual's ability to perform basic work activities. *Id.* Impairment is "not severe" where medical and other evidence establishes only a slight

abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). If the decisonmaker finds the individual has an impairment(s) that is severe, the decisionmaker will proceed to step three. *Yuckert*, 482 U.S at 141.

At step three, the decisionmaker determines whether the impairment or combination of impairments meet or is the medical equivalent of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. 20 CFR § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (c). If the claimant's impairment meets or equals one of the listed impairments, of sufficient duration, the claimant is conclusively presumed disabled. *Yuckert*, 482 U.S at 141. If the claimant's impairment(s) is severe, but does not meet or equal one of the listed impairments, the decisionmaker proceeds. *Yuckert*, 482 U.S at 141.

Before considering step four of the sequential evaluative process, the decisionmaker must first determine the individual's residual functional capacity ("RFC"). 20 CFR § 416.920(a)(4); *see Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing 20 CFR § 416.920(a)(4)) ("The ALJ assesses a claimant's RFC between steps three and four of the five-step sequential evaluation process . . ..")[2]. A claimant's RFC is the claimant's ability to do sustained physical and mental work activities on a "regular and continuing basis" despite limitations from her impairments. Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling ("SSR") 96-8p, 61 Fed. Reg. 34474, 34475; *see* 20 CFR § 416.945 (a)(1) (RFC is the most the claimant can do despite her limitations). In making this finding the ALJ must consider all the claimant's impairments, including her non-severe impairments. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (quoting what is now SSR 96-8p, 61 Fed. Reg. at 34477).

The step four determination is whether the claimant has the RFC to perform "past relevant work." 20 CFR § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv). This is work
///

---

[2]*Laborin*, 867 F.3d at 1153 (internal quotation and citations omitted) (stating "[t]he RFC is first used at step four to determine whether an individual can do relevant past work. If the claimant cannot do relevant past work, the RFC is then used again at step five").

the claimant performed within the prior fifteen years, lasting long enough for her to learn to do it, and constituting substantial gainful activity. 20 CFR § 404.1565(a). A claimant can return to previous work if she can perform the "actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If given "the physical and mental demands of [her] past relevant work," the claimant can still do that work, then she is not disabled for purposes of the Act. 20 CFR § 404.1520(f) and § 416.920(f).

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform work that is available in the national economy. 20 CFR § 404.1520(e) and § 416.290(e); *see also Yuckert*, 482 U.S. at 141–42, 144. At this step, the decisionmaker again considers the RFC assessment, "along with the claimant's age, education, and work experience—to determine whether the claimant can make an adjustment to other work." *Laborin*, 867 F.3d at 1153 (internal quotation and citations omitted). If claimant cannot make an adjustment to other work, then she is disabled. 20 CFR § 416.920(4)(v).

**B.  Analysis**

In seeking remand, Plaintiff essentially challenges the ALJ's step two finding, the ALJ's pre-step four RFC finding[3], and the ALJ's step four finding. (ECF No. 16; ECF No. 23 at 2, 5.) The Court considers these challenged findings as they occur in progressive step order.

///

///

---

[3]Plaintiff's Motion to Remand blends the ALJ's step two finding with her pre-step four RFC challenge. (ECF No. 16 at 12–23.) The R&R directly addresses the ALJ's step two finding with no separate analysis of Plaintiff's pre-step four RFC finding challenge. (ECF No. 21 at 4, 18–26.) In an effort to provide clarity and a thorough analysis, this Court will separately examine both. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citation omitted) ("Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC.").

### 1. The ALJ's Step Two Finding

Plaintiff contends that in making her non-severe impairment finding the ALJ erred by failing to give greater weight to the testimony of Plaintiff's treating physician (ECF No. 16 at 14–18) and erred in implicitly concluding that Plaintiff's mental impairments were no more than a "slight abnormality" (*see* ECF No. 16 at 18). The Court disagrees on the first part of the conjunctive, but agrees as to the second part.

As noted, to make a "non-severe" impairment finding at step two the ALJ necessarily had to have concluded that medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on Plaintiff's ability to work. *Smolen*, 80 F.3d at 1290. Here, the ALJ relevantly concluded that while Plaintiff has been medically determined to suffer from depression and anxiety, "the evidence of record demonstrates [her] depression and anxiety symptoms are controlled with medication."[4] (AR 23.) The ALJ then recited the record and resolved that "[Plaintiff]'s depression and anxiety are non-severe impairments because they are well-controlled with medication and *three out of four opinions* in the record supports this finding." (*Id.* at 26; *see also id.* at 29.) The three of four referenced medical opinions excludes the opinions of Plaintiff's treating doctor—Dr. Vuppalapati— which the ALJ gave only "partial weight" (AR 26). Moreover, having found Plaintiff's depression and anxiety were non-severe, the ALJ did not consider them as part of her determinations in the remaining sequential evaluative steps. (*See* AR 26–30.)

Judge Cobb acknowledged that the record shows Plaintiff's mental impairments were "at times controlled with medication" and contained "notes of [Plaintiff's] progress," but also found that "there were just as many records indicating setbacks," and the medical opinions the ALJ relied on failed to take into account "notations in the record that [Plaintiff]

///

---

[4]The ALJ also found there was no evidence in the record to substantiate, as a medically determinable impairment, Plaintiff's statement that she suffered from post-traumatic stress disorder (PTSD), (AR 23.) The ALJ otherwise found Plaintiff is afflicted by severe impairments of diverticulitis, asthma and obesity. (AR 22–23.) Plaintiff does not challenge the physical impairment findings or PTSD finding.

6

1 was reclusive and had social anxiety." (ECF No. 21 at 23.) Judge Cobb also found that the "ALJ did not discuss whether Dr. Vuppalapati's opinions were supported by Plaintiff's medical record, and instead discredited him mainly for using the check-the-box form to provide his opinions." (*Id.* at 25; *see also* ECF No. 16 at 17.) Defendant objects, arguing first that a court must accept an ALJ's findings of fact even where it disagrees with those findings (ECF No. 22 at 4). Defendant also argues that Judge Cobb improperly concluded that the ALJ failed to consider all of the factors listed in 20 CFR § 404.1527(c) to evaluate the treating physician's opinion, and that such failure constituted reversible legal error under *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017) (*Id.* (citing ECF No. 21 at 22–23)).[5]

Having considered the various findings and arguments, this Court finds the ALJ did not err in giving only "partial weight" to Dr. Vuppalapati's medical opinion, but the ALJ's non-severe mental impairment finding was unsupported by substantial evidence. *See Smolen*, 80 F.3d at 1279 (citation omitted) (stating that a court engaging in *de novo* review of a decisionmaker's decision must independently determine whether the decision "(1) is free of legal error and (2) is supported by substantial evidence").

a. Dr. Vuppalapati's medical opinion

"Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Id.* at 1285. An ALJ may not reject a treating physicians' controverted opinions without making findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and

///

///

---

[5] While Defendant's objection heavily rest on disavowing any reading of *Trevizo* as requiring the ALJ's consideration to expressly discuss each factor listed in 20 CFR § 404.1527(c) (ECF No. 22 at 4-7), this Court finds an analysis of *Trevizo* in that regard is not necessary to its resolution of this matter.

conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751.

This Court agrees with Judge Cobb's conclusion that even though Dr. Vuppalapati's medical opinions "were contradicted by the [s]tate agency psychologists [who the ALJ cited to support her non-severe finding], his opinions were still owed deference." (ECF No. 21 at 23.) The ALJ thus had to—as she did—make specific findings providing legitimate reasons for according only "partial weight" to Dr. Vuppalapati's medical opinion. (*See* AR 26.)

The ALJ stated she "considered the opinion evidence in accordance with the requirements of 20 CFR § 404.1527" (AR 27). The ALJ also provided specific reasons for rejecting Dr. Vuppalapati's work related opinions beyond the fact that "the crux of [his] opinion is based on check boxes provided to him." (AR 26.) And, it is not evident to this Court that Dr. Vuppalapati's use of check boxes was the "main" basis for the ALJ's weighing of his opinions. *Inter alia*, the ALJ specifically noted that

> [Dr. Vuppalapati] opined that [Plaintiff] was mildly restricted in her activities of daily living and social functioning, moderately deficient in concentration, persistence and pace and *markedly* limited by episodes of deterioration or decompensation in work and work-like settings. Dr. Vuppalapati then opined the [Plaintiff] would be absent from work about four days per month. Dr. Vuppalapati *does not point to specific clinical findings* in the record to support his opinion. He found the [Plaintiff's symptoms were "episodic," but then opined the claimant would be absent about four days per month. The evidence of record documents *only two episodes of decompensation over the past two years*, and none of them extended duration beyond seven days. . ..

(*Compare* AR 26 *with* 24F (ECF No. 14-21 at 92–94)) (emphasis added). *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (indicating that an ALJ need not accept a treating physician's opinion that is conclusory and inadequately supported). The Court therefore finds that the ALJ did not err in giving only "partial weight" to Plaintiff's treating physician's opinion.

///

///

///

8

b. The ALJ's non-severe mental impairment finding

The Court nevertheless agrees with Judge Cobb that the ALJ's non-severe mental impairment finding is unsupported by substantial evidence (ECF No. 21 at 26) because the record viewed in its entirety indicates Plaintiff's depression and anxiety constitutes more than a slight abnormality.

The ALJ indicates that her non-severe finding is based primarily, if not solely, on the conclusion that the mental impairments may be controlled by medication (AR 26). In this regard, the ALJ gave "significant weight" to the opinion of consultative examiner—Dr. Sheri J. Hixon-Brenenstall—and the state disability examiners—Drs. Jack Araza and Pastora Roldan—because they had comporting opinions and findings. (AR 24–25.) The three doctors agreed "[Plaintiff's] mental impairments are controlled with proper treatment and medication and they do not limit her ability to perform basis mental work activities on a continued and sustained basis." (AR 24, 26.) However, this conclusion does not speak directly to whether Plaintiff's mental impairment amounts only to a "slight abnormality." *Smolen*, 80 F.3d at 1290.

Moreover, substantial evidence in the record does not support the ALJ's conclusion that Plaintiff's depression and anxiety are only slight abnormalities. The Court agrees with Judge Cobb that the "longitudinal evidence of record" shows that Plaintiff is "a person with *severe and recurrent major depressive disorder as well as anxiety disorder.*" (ECF No. 21 at 23; *see also id.* at 19–20 (reciting, with citation to the AR, the evidence in the record of Plaintiff's depression and anxiety).) *See Thomas*, 278 F.3d at 957 (supporting that opinions of non-treating or non-examining physicians constitute substantial evidence only "when the opinions are consistent with independent clinical findings or other evidence in the record"). Moreover, the ALJ cites no authority to support a conclusion that an impairment that is more than a slight abnormality may be rendered non-severe merely by the fact that it is or may be controlled by treatment and medication.

Given the mixed record of progress and setbacks Judge Cobb notes, the ALJ's "duty to conduct an appropriate inquiry, [by, for example,] subpoenaing the physicians or

9

submitting further questions to them" for the purpose of augmenting the record or further evaluating the medical opinions was heightened. *Smolen*, 80 F.3d at 1288. This Court therefore remands the matter for the ALJ to reconsider her step two findings, including—if necessary, submitting further questions to all four physicians to provide further support of their medical opinions.

### 2. The ALJ's Pre-Step Four RFC Finding

Plaintiff additionally argues that the ALJ erred in essentially concluding that her mental impairments resulted in "no work-related limitations" by failing to consider them in the RFC assessment. (*See* ECF No. 16 at 12–13, 20.) The Court agrees.

"The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments(s) including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Laborin*, 867 F.3d at 1153 (internal quotation and citation omitted).

> In assessing RFC, the adjudicator must consider only limitations and restrictions imposed by *all* of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basis work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.

*Burch*, 400 F.3d at 683 (quoting SSR 96-8p, 61 Fed. Reg. 34474) (emphasis added); *Buck*, 869 F.3d at 1049 (quoting the same SSR).

Here, the ALJ indicated that she considered only Plaintiff's severe impairments, *see supra* note two, as part of the RFC assessment. (*See* AR 27 ("The [Plaintiff]'s obesity in combination with her other *severe* impairments is, factored into the limitations set forth in the residual functional capacity below in accordance with SSR 02-1p.")); (*see also* AR 28 ("The [Plaintiff] received treatment for her *severe* impairments; however, no health care provider placed the claimant on restrictions or limitations related to her severe impairments so limiting that they prevent the claimant from performing all basic work activities.").) (Emphasis added.)

Therefore, the ALJ did not consider Plaintiff's mental impairments that the ALJ had previously classified as "non-severe." Accordingly, the Court finds the ALJ committed reversible error by evidently not considering Plaintiff's mental impairments in her RFC assessment. *See also Buck*, 869 F.3d at 1049 (stating "[t]he RFC . . . *should* be exactly the same regardless of whether certain impairments are considered "severe" or not[,]" because all impairments should be taken into account in finding the RFC).

### 3. The ALJ's Step Four Finding & Recommendation Regarding Step Five

Given that the ALJ's RFC assessment finding is integral to the step four determination, the Court finds the ALJ erred in her step four finding to the extent she failed to consider Plaintiff's mental impairments (*see* AR 27–30). The Court additionally adopts Judge Cobb's step four findings.

Plaintiff argues that the ALJ's step four finding (AR 29–30) is unsupported by substantial evidence because the past jobs the ALJ found Plaintiff could perform do not meet the duration and recency requirements pursuant to Agency policy. (ECF No. 16 at 5.) Judge Cobb correctly found that "the ALJ failed to make any factual findings to support the conclusion that there was a continuity of skills, knowledge and processes between" the sales jobs—advertising sales and automobile sales—that the ALJ found to be "past relevant work" that Plaintiff was capable of performing.[6] (ECF No. 21 at 8–9.)

Defendant appears to concede that the ALJ failed to offer factual findings for her "continuity" finding (ECF No. 22 at 7–8), but suggests the Court should find the ALJ's finding was reasonable because continuity may be presumed by the fact that both positions are in sales (*id.*). The Court cannot agree. The Court has no means to find it

///

---

[6]The ALJ had already recognized that the advertising sales position was performed outside the relevant fifteen-year period for disability analysis (AR 30). *See* SSR 82-62, 1982 WL 31386, at *2 (1982). Additionally, Plaintiff worked as an automobile sales person for about eight months, between November 2003 and June 2004. (AR 60, 248.) This Court agrees with Judge Cobb's finding that the ALJ provided no factual basis for concluding Plaintiff worked the automobile sales job long enough to learn to do it. *Id.*

evident that selling automobiles is tantamount to selling advertisements. *See Pinto*, 249 F.3d at 844 (citations omitted) ("Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support [her] conclusion."). In fact, the Court can think of at least one example where the two positions would have meaningfully differing demands: an automobile salesperson would need to be present to speak with customers, show cars to customers in a car lot, take the customers on test-drives, etc., whereas advertising sales may require no direct people contact in this technology-driven age. The difference may be particularly acute, if on remand the ALJ finds Plaintiff's anxiety (particularly her non-familial social anxiety) and depression are severe impairments, or arrives at a different RFC.

Therefore, this Court adopts Judge Cobb's recommendation to remand the matter for the ALJ to make possible specific factual findings "regarding the continuity of skills, knowledge and processes between the [sales jobs] to support the conclusion that the advertising sales job could be considered as past relevant work even though it was outside the fifteen-year period." (ECF No. 21 at 21.) The ALJ's reconsidered step four findings must take into account this Court's prior directives.

Additionally, on remand, the ALJ should make step five findings—if necessary, which would include Plaintiff's reconsidered RFC—considering whether there are jobs that exist in sufficient numbers in the national economy that Plaintiff could perform. *See Gutierrez*, 740 F.3d at 528 (i.e., "work which exists in significant numbers either in the region where such individual lives or in several regions of the country").

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 21) is accepted.

It is further ordered that Plaintiff's Motion to Remand (ECF Nos. 15, 16) is granted.

It is further ordered that Defendant's Cross-Motion to Affirm (ECF Nos. 19, 20) is denied.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 1st day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE